IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.<br>) |
| STATE OF FLORIDA; KEN DETZNER,<br>Secretary of State, in his official capacity, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## COMPLAINT

The United States of America alleges:

1. The Attorney General brings this action on behalf of the United States to enforce Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6.

2. The State of Florida is conducting a program "the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters," within 90 days of an election for Federal office. 42 U.S.C. § 1973gg-6(c)(2)(A). Section 8(c)(2)(A) of the NVRA expressly forbids such removal programs during the 90-day period before an election for Federal office, with a few exceptions that do not apply here. The United States brings this action to protect the rights of eligible citizens to vote and to ensure that the State complies with the voter protections enacted by Congress through the NVRA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1345, & 2201, and 42 U.S.C. § 1973gg-9.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 89, 1391(b).

## PARTIES

5. The NVRA authorizes the Attorney General of the United States to bring a civil action on behalf of the Plaintiff United States of America in an appropriate district court for such declaratory or injunctive relief as is necessary to carry out the NVRA. 42 U.S.C. § 1973gg-9(a).

6. Defendant State of Florida is one of the States of the United States of America and is subject to the requirements of the NVRA. 42 U.S.C. §§ 1973gg-1(4), 1973gg-2, 1973gg-6.

7. Defendant Secretary of State Ken Detzner is sued in his official capacity as the chief state election official responsible for coordinating Florida's responsibilities under the NVRA. *See* 42 U.S.C. § 1973gg-8; Fla. Stat. § 97.012(7). Defendant Detzner is the head of the Florida Department of State. The Division of Elections is one of the divisions established within the Department of State. *See* Fla. Stat. § 20.10(1) & (2)(a).

## CAUSE OF ACTION

8. Section 8 of the NVRA establishes requirements for how States maintain voter registration lists for elections for Federal office. 42 U.S.C. §§ 1973gg-6, 1973gg-1(1), 1(2).

9. Among these requirements, Section 8(b)(1) of the NVRA provides that any State program or activity designed to ensure the maintenance of accurate and current voter registration rolls for elections for Federal office "shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965[.]" 42 U.S.C. § 1973gg-6(b)(1).

10. Section 8(c)(2)(A) of the NVRA requires that "[a] State shall complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the

purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 42 U.S.C. § 1973gg-6(c)(2)(A).

11.  Section 8(c)(2)(B) of the NVRA includes limited exceptions to the 90-day period established by Section 8(c)(2)(A). 42 U.S.C. § 1973gg-6(c)(2)(B). Those exceptions authorize voter removal programs within 90 days of a primary or general election for Federal office *only* in the following circumstances: (1) at the request of the registrant; (2) if the registrant is disqualified by reason of criminal conviction or mental incapacity as provided by State law; or (3) if the registrant has died. 42 U.S.C. §§ 1973gg-6(a)(3)(A), (a)(3)(B), (a)(4)(A), (c)(2)(B)(i). States may not otherwise conduct a systematic removal program under Section 8 of the NVRA within 90 days of an election for Federal office, including removing registrants within the 90-day period for failing to respond to letters sent as a result of a systematic list maintenance program.

12.  The next-scheduled Florida primary election, which includes elections for Federal office, is set for August 14, 2012. *See* Florida Division of Elections, Calendar of Election Dates, *available at* http://election.dos.state.fl.us/calendar/elecdate.shtml.

13.  The 90th day before the August 14, 2012 primary election was May 16, 2012.

14.  The next-scheduled Florida general election, which includes elections for Federal office, is set for November 6, 2012. *See* Florida Division of Elections, Calendar of Election Dates, *available at* http://election.dos.state.fl.us/calendar/elecdate.shtml; 2 U.S.C. § 7.

15.  The 90th day before the November 6, 2012 general election will be August 8, 2012, which falls before Florida's primary election.

16.  Defendant Detzner has been working in coordination with the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") to identify registered voters for possible removal from the statewide Florida Voter Registration System ("FVRS"). As part of

this effort, Defendant Detzner has implemented ongoing procedures (1) to verify voter registration records in FVRS against databases maintained by DHSMV for purposes of identifying potentially ineligible voters based on lack of citizenship, and (2) to distribute the results of this matching process to the 67 Florida County Supervisors of Elections for further action, including possible removal of registered voters from the FVRS.

17. Upon information and belief, in early April 2012, the Florida Division of Elections ("DOE") sent to the 67 Florida County Supervisors of Elections a list of voters identified as potentially ineligible due to lack of citizenship. On April 23, 2012, the DOE sent to the Supervisors of Elections a PowerPoint document entitled "Processing Ineligible Registered Voter-Non-Immigrants." *See* Attachment 1. This document sets forth step-by-step instructions for the Supervisors of Elections to follow when verifying the eligibility of voters identified as a result of the matching process described in Paragraph 16. These instructions incorporate provisions of Fla. Stat. §§ 98.075(6) and (7), and also direct the Supervisors of Elections to "Conduct any additional research [Refer to whatever other sources you have to confirm identity and potential change in legal status. You should all have access to DHSMV's DAVE. If you find information credible and reliable, proceed.]" *Id.* at 8 (brackets in original). "DAVE" (the Driver and Vehicle Express system) is a DHSMV database that contains driver's license information. The PowerPoint document also specifically instructs the Supervisors of Elections to "[d]etermine eligibility of person based on information you have . . . if ineligible, remove voter name from rolls." *Id.* at 18.

18. Based on information and belief, on May 16, 2012, officials from the Florida Department of State, including from the DOE and the Department's Office of General Counsel, presented a training session in the form of a PowerPoint presentation entitled "List Maintenance

Categories and Procedures" to the Florida County Supervisors of Elections during the Florida State Association of Supervisors of Elections ("FSASE") annual conference. *See* Attachment 2. The PowerPoint training includes a "workflow overview" diagram for what Florida described as the "Non-US Citizens Project," which depicts an "automated match" between FVRS Registration Records and "Driver Licensee" (DHSMV) records. *Id.* at slide 11. The training then provides step-by-step instructions for the Supervisors of Elections to follow when verifying the eligibility of voters identified as a result of the matching process described in Paragraph 16. *Id.* at slides 17-23. The document specifically instructs the Supervisors of Elections to "[d]etermine eligibility of person based on information you have . . . [i]f ineligible, remove voter name from rolls." *Id.* at slide 23.

19. Based on information and belief, the database matching processes described in Paragraph 16 and incorporated into the procedures described in Attachment 1 and 2 rely on outdated and inaccurate data; consequently, the resulting lists have erroneously identified numerous registered voters in Florida who are U.S. citizens who are eligible to vote and who potentially could be deprived of their right to vote. *See, e.g.*, Attachment 3 (May 31, 2012 Letter from Miami-Dade County Supervisor of Elections to Florida Department of State, at 2). The Defendants were aware that the resulting lists included errors and incorrect information.

20. Among the eligible voters erroneously identified as non-citizens by the Defendants are individuals who became naturalized U.S. citizens within the past several years or who are native-born citizens, including decorated combat veterans who served in the United States Armed Forces.

21. On May 31, 2012, the United States notified Defendant Detzner that the voter verification process described in Paragraph 16 "appears to be a program to systemically remove

the names of potentially ineligible voters from the official list of eligible voters within the meaning of Section 8 of the NVRA, and does not appear to fall within any of the exceptions allowed within the 90 day period before a federal election." *See* Attachment 4 (Letter of May 31, 2012, from Department of Justice to Florida Secretary of State, at 2). The letter further advises that because "Florida's primary election for federal office is August 14, 2012, that 90-day period began on May 16, 2012."

22. In a letter dated June 6, 2012, Defendant Detzner responded that the Defendants intended to proceed with their voter verification process. *See* Attachment 5 (Letter of June 6, 2012 from Florida Secretary of State to Department of Justice).

23. On June 11, 2012, the United States informed the State that because Florida had indicated its unwillingness to comply with the requirements of the NVRA, the Assistant Attorney General for the Civil Rights Division had authorized an enforcement action against Florida. *See* Attachment 6 (Letter of June 11 from Department of Justice to Florida Secretary of State).

24. Defendants have directed the 67 Florida County Supervisors of Elections to proceed to implement the voter verification procedures set forth in Attachments 1 and 2, which include potentially removing individuals identified on the lists resulting from the database matching described in Paragraph 16.

25. Defendants' voter verification procedures, as described in paragraphs 16 to 19, constitute a program with the purpose of systematically removing names from the official lists of eligible voters. This program was not completed by May 16, 2012, the 90th day before the next Florida primary or general election for Federal office, and does not fall within any of the statutory exceptions to the 90-day quiet period before that election for Federal office. Defendants' actions therefore violate Section 8(c)(2)(A) of the NVRA.

26.     Defendants' voter verification procedures are inaccurate and unreliable, and therefore violate Section 8(b)(1) of the NVRA, which requires that any such program be "uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965[.]" 42 U.S.C. § 1973gg-6(b)(1).

27.     Unless and until ordered to cease doing so by this Court, Defendants will continue to administer the above-described systematic verification of voters, with an ongoing directive to Supervisors of Elections to systematically investigate, verify, and possibly remove eligible voters from the voter rolls within 90 days of Florida's August 14, 2012 primary election for Federal office, in violation of Section 8 of the NVRA. 42 U.S.C. §§ 1973gg-6(b)(1), (c)(2)(A).

WHEREFORE, the United States requests that this Court enter an order:

1. Declaring that Defendants are not in compliance with Section 8 of the NVRA;

2. Enjoining the Defendants, their agents, and successors in office and all persons acting in concert with any of them from failing or refusing to comply with the requirements of Section 8 of the NVRA;

3. Enjoining Defendants, their agents, and successors in office and all persons acting in concert with any of them from the systematic removal of registered voters within 90 days of all elections for Federal office pursuant to the database matching procedures described in paragraphs 16 to 19; and

4. Ordering the Defendants, their agents and successors in office and all persons acting in concert with any of them to take all steps necessary to ensure that no registered voter identified as potentially ineligible based on the database matching and voter verification procedures in paragraphs 16

to 19 is removed from the voter rolls within 90 days of a primary or general election for Federal office, absent application of one of the statutory exceptions in Sections 8(a)(3)(A)-(B) and 8(a)(4)(A) of the NVRA.

The United States further requests that this Court order such other relief as the interests of justice may require, together with the costs and disbursement in maintaining this action.

The United States further requests that the consideration of this action be expedited given the importance of the rights sought to be vindicated herein.

9

Date: June 12, 2012

By:

ERIC H. HOLDER, JR.
Attorney General

*/s/ Thomas E. Perez*
THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

*/s/ Pamela C. Marsh*
PAMELA C. MARSH
United States Attorney
Northern District of Florida

*/s/ T. Christian Herren, Jr.*
T. CHRISTIAN HERREN, JR.
JOHN ALBERT RUSS, IV
ELISE SANDRA SHORE
JENIGH J. GARRETT
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254 NWB
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530
Telephone: (800) 253-3931
Facsimile: (202) 307-3961