**Exhibit 3**

**U.S. Department of Justice**

Civil Rights Division

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

May 31, 2012

The Honorable Ken Detzner
Florida Secretary of State
Florida Department of State
R.A. Gray Building
500 South Bronough Street
Tallahassee, Florida 32399-0250

Dear Secretary Detzner:

  This refers to certain new procedures that the State of Florida has recently implemented to attempt to verify the eligibility of registered voters. Specifically, we understand that the Florida Secretary of State is working in coordination with the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") to identify registered voters for possible removal from the Florida Voter Registration System ("FVRS"). Based on recent news reports, public comments by state and local officials, and our review of a Florida Department of State training presentation, it appears that Florida is seeking (1) to verify voter registration records in FVRS against databases maintained by DHSMV, as well as possibly other agencies, for purposes of identifying potentially ineligible voters based on citizenship, and (2) to distribute the results of this matching process to county supervisors of elections for further action, including possible removal of registered voters from the voter rolls. News reports and other information, including a press release from your office, indicate that this procedure has been initiated and is ongoing.

  The practice described above appears to be different from the benchmark practice currently in force or effect in the five covered counties in Florida subject to the requirements of Section 5 of the Voting Rights Act. 42 U.S.C. 1973c.

  Our records do not reflect that these changes affecting voting have been submitted to the United States District Court for the District of Columbia for judicial review or to the Attorney General for administrative review as required by Section 5 of the Voting Rights Act. 42 U.S.C. 1973c(a). Accordingly, it is necessary that they either be brought before that court or submitted to the Attorney General for a determination that they neither have the purpose nor will have the effect of discriminating on account of race, color, or membership in a language minority group under Section 5. Changes that affect voting are legally unenforceable in the five covered counties unless and until the requisite determination under Section 5 has been obtained. *Clark v. Roemer*, 500 U.S. 646 (1991). Should you desire to make an administrative submission of these changes under Section 5, please refer to file number 2012-3250 in your response so that it may be channeled correctly.

  We also note that the State of Florida, as a whole, is subject to the requirements of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. 1973gg—1973gg-10. Section 8

of the NVRA provides the standards for conducting list maintenance for voter registration lists used for elections for federal office. We have a shared interest in ensuring that the NVRA's goal of maintaining accurate and current registration rolls for federal elections is met. At the same time, Section 8 of the NVRA reflects Congress's determination that list maintenance efforts must also be conducted within an appropriate time period, and in a uniform and non-discriminatory manner.

In particular, Section 8(c)(2)(A) of the NVRA provides that "[a] State shall complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters." 42 U.S.C. 1973gg-6(c)(2)(A). Further, Section 8(b)(1) of the NVRA provides that programs and activities aimed at "ensuring the maintenance of an accurate and current voter registration roll" shall be "uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965…." 42 U.S.C. 1973gg-6(b)(1). The practice described above appears to be a program to systematically remove the names of potentially ineligible voters from the official list of eligible voters within the meaning of Section 8 of the NVRA, and does not appear to fall within any of the exceptions allowed within the 90 day period before a federal election. Because Florida's primary election for federal office is August 14, 2012, that 90 day period began on May 16, 2012. As a consequence, the practice appears to violate the NVRA.

To enable us to meet our responsibility to enforce federal law, please inform us by June 6 of the action that the State of Florida plans to take concerning the matters discussed in this letter. Specifically, please advise whether the State intends to cease the practice discussed above, so that the Department can determine what further action, if any, is necessary. If you have any questions, please call Voting Section attorney Elise Sandra Shore at 202-305-0070.

Sincerely,

T. Christian Herren, Jr.
Chief, Voting Section

cc:   Attorney General Pam Bondi
      Daniel Nordby, Esq.