**Exhibit 12**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF FLORIDA; KEN DETZNER,<br>Secretary of State, in his official capacity.<br><br>Defendants. | CIVIL ACTION NO.<br>4:12-CV-00285-RH-CAS |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

For good cause shown, the Court hereby GRANTS the United States' motion for a temporary restraining order, to enjoin Defendants from violating Section 8 of the National Voter Registration Act of 1993, 42 U.S.C. § 1973gg-6 ("NVRA").

The Court has jurisdiction in this action pursuant to 28 U.S.C. §§ 1331, 1345, & 2201, and 42 U.S.C. § 1973gg-9. The Court finds that the United States has met the standard for the issuance of a temporary restraining order. *See United States v. Metropolitan Dade County*, 815 F. Supp. 1475, 1477-78 (S.D. Fla. 1993); *see also Charles H. Wesley Educ. Foundation, Inc., v. Cox*, 408 F.3d 1349, 1354 (11th Cir. 2005) (standard for injunctive relief). The United States is likely to succeed on the merits of its claims that Defendants have violated Sections 8(c)(2)(A) and 8(b)(1) of the NVRA. Voters will be irreparably injured if the State's database-matching program is allowed to continue, the State will be minimally impacted by enjoining the practice,

and ensuring states' compliance with the NVRA and protecting the right to vote are in the public interest.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Defendants are not in compliance with Section 8(c)(2)(A) of the NVRA, 42 U.S.C. § 1973gg-6(c)(2)(A).

2. The State has conducted and will continue to conduct, absent an injunction, a program to systematically remove voters from the official lists within 90 days of a Federal election, based on a data-matching program comparing voting records contained in the Florida Voter Registration System to information contained in the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") ("the database matching program").

3. The next scheduled election for Federal office is the Florida primary election on August 14, 2012, and the 90-day mark before this election was May 16, 2012. The next-scheduled general election for Federal office is November 6, 2012. The 90-day mark before the general election is August 8, 2012. Therefore, there is no period of time between now and the November 6, 2012 election that is not 90 days before an election for Federal office.

3. Defendants are not in compliance with Section 8(b)(1) of the NVRA, 42 U.S.C. § 1973gg-6(b)(1), because the database matching program is not "uniform [and] nondiscriminatory."

4. Defendants, their agents, successors, and all other persons acting in concert with any of them are hereby ENJOINED from

> (a) systematically removing registered voters within 90 days of both the August 14, 2012 and November 6, 2012 Federal elections, consistent with Section 8(c)(2)(A) of the NVRA, 42 U.S.C. § 1973gg-6(c)(2)(A), absent application of

one of the statutory exceptions in Section 8(a)(3)(A) & (B) and 8(a)(4)(A) of the NVRA, 42 U.S.C. §§ 1973gg-6(a)(3)(A) & (B) and 1973gg-6(a)(4)(A).;

(b) taking any further action after May 16, 2012, to remove registered voters who were identified through the State's database-matching program and who did not respond to any notice sent to them pursuant to the State's database-matching program, consistent with Section 8(c)(2)(A) of the NVRA, 42 U.S.C. § 1973gg-6(c)(2)(A);

(c) requiring voters identified through the State's database-matching program, or directing county supervisors of elections to require voters, to provide evidence of eligibility based on citizenship in order to remain on the voter rolls after the start of the 90-day quiet period on May 16, 2012 and continuing through the 90-day quiet period before the Federal general election on November 6, 2012;

(d) ordering Defendants, their agents, successors, and all other persons acting in concert with any of them to immediately take all actions necessary to halt the implementation of the state's ongoing, systematic voter database-matching purge program using DHSMV data during the 90 day quiet period before the Federal primary and general elections in 2012; and,

(e) restoring to the rolls voters who were identified by the database-matching program and who were removed from the voter lists because they failed to respond to a letter sent by a supervisor of elections as a result of the database-matching program during the 90 day quiet period before the Federal primary and general elections in 2012.

- 4 -

5. Defendants, their agents, successors, and all other persons acting in concert with any of them are hereby ORDERED to immediately take all steps necessary to ensure that no registered voter identified as potentially ineligible based on the State's database matching program is removed from the voter rolls within 90 days of a Federal primary or general election, absent application of one of the statutory exceptions in Section 8(a)(3)(A) & (B) and 8(a)(4)(A) of the NVRA, 42 U.S.C. § 1973gg-6(a)(3)(A) & (B) and 1973gg-6(a)(4)(A).

ENTERED and ORDERED this ____ day of June, 2012.

_____
UNITED STATES DISTRICT COURT