IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | ) |
|                                *Plaintiff*, | ) No. 4:12-CV-00285-WS-CAS |
| v. | ) |
| STATE OF FLORIDA and KEN DETZNER, in his official capacity, | ) |
|                                *Defendants*. | ) |

### MOTION OF BIPARTISAN GROUP OF VOTERS LUIS I. GARCIA, DIANA K. WHITEHURST, HAL DAVID RUSH, and BARBARA A. DEREUIL FOR PERMISSIVE INTERVENTION

Movants Luis I. Garcia, Diana K. Whitehurst, Hal David Rush, and Barbara A. Dereuil (collectively, "Bipartisan Group of Voters" or "Intervenors") respectfully move this Court pursuant to Fed. R. Civ. P. 24(b) and N.D. Fla. Loc. R. 7.1 for permissive intervention in this case. Intervenors are a bipartisan group of properly registered and duly qualified voters of the State of Florida who intend to vote in the November 6, 2012 general election (the "General Election"), and their fundamental constitutional right to vote will be directly affected by the outcome of this case.

### The Underlying Litigation

This past February, an investigative report by NBC2 news in Florida revealed that approximately 100 non-citizens were registered to vote in just two counties in Southwest

Florida.[1]  The reporter uncovered them by comparing jury excusal forms, on which people sought to be excused from jury duty on the grounds that they are not U.S. citizens, with the voter registration rolls, which both state law and the Florida Constitution require to be limited to U.S. citizens.  FLA. CONST., art. VI, § 2; Fla. Stat. § 97.041(1)(a)(2) (2011).  Several of these non-citizens are reported to have a history of voting.[2]

Consistent with this revelation, the State of Florida (the "State") has identified many thousands of registered voters who, at some point in the past few years, submitted official documents to the State (such as driver's license applications)—often under oath or penalty of perjury—on which they declared that they are not U.S. citizens.  *See* Compl., D.E. #2, ¶ 17 (June 12, 2012).  Over the past nine months, the State repeatedly has attempted to confirm the citizenship status of these "Self-Identified Non-Citizens," as well as other apparent non-citizens who are registered to vote, with U.S. Citizenship and Immigration Services ("USCIS").[3]  Federal law expressly requires USCIS to "provide the requested [citizenship] verification or status information" to state and local government officials, 8 U.S.C. § 1373(c), yet USCIS consistently has refused to provide any

---

[1] Andy Pierrotti, *NBC2 Investigates: Voter Fraud – Part 2*, NBC-2.COM (Feb. 2, 2012, 8:58 PM), http://www.nbc-2.com/ story/16666098/2012/02/02/nbc2-investigates-voter-fraud-part-2.

[2] Andy Pierrotti, *NBC2 Investigates: Voter Fraud*, NBC-2.COM (Feb. 2, 2012, 2:34 PM), http://www.nbc-2.com/story/ 16662854/2012/02/02/nbc2-investigates-voter-fraud.

[3] *See Florida Dep't of State v. U.S. Dep't of Homeland Sec.*, No. 1:12-CV-00960-JDB, Compl., D.E. #1 ¶ 64 (D.D.C. June 11, 2012).

information from its "Systematic Alien Verification for Entitlements" ("SAVE") database in response to these requests.[4]

Having inexplicably been denied the federal government's assistance in confirming the citizenship status of these self-identified non-citizens, Florida Secretary of State Ken Detzner provided each county Supervisor of Elections with a list of the Self-Identified Non-Citizens in their respective counties who are registered to vote. Compl., ¶ 17. Consistent with both state and federal law, numerous county Supervisors of Elections are reported to have sent notices to the Self-Identified Non-Citizens in their respective counties, asking them to confirm their U.S. citizenship and provide supporting documentation within 30 days. Fla. Stat. § 98.075(7)(a)(1). If a person receives the notice but either fails to respond, or contends that he or she is a U.S. citizen, the county Supervisor must weigh the totality of the evidence and "make a final determination of the voter's eligibility" to remain in the Database. Fla. Stat. § 98.075(7)(a)(3)-(5).

The Department of Justice has now brought the instant case against the State of Florida and Secretary Detzner, arguing that the National Voter Registration Act, 42 U.S.C. § 1973gg-6(c)(2)(A), prohibits them from attempting to systematically identify and remove non-citizens from the Database within 90 days of the August federal primary election. Compl., ¶ 25. It also contends that the State's process of identifying people who previously had submitted written documentation to the State certifying that they are

---

[4] *See* Kathleen Haughney & Mark K. Matthews, *Florida, Justice Department Both Sue Over Voter Purge*, SOUTH FLORIDA SUN-SENTINEL (June 11, 2012), http://articles.sun-sentinel.com/2012-06-11/news/fl-state-sues-feds-voter-database-20120611_1_voter-purge-division-of-elections-access-voter-rolls.

not U.S. citizens asking them to provide confirmation and documentation of their citizenship is "inaccurate and unreliable." *Id*. ¶ 26.

### Grounds for Intervention

Federal Rule of Civil Procedure 24(b) provides, "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "[I]t is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 595 (11th Cir. 1991).

Intervenors here clearly have "an interest that is relating to the action pending before the court." *United States v. Lee Cty.,* No. 2:12-CV-67-FtM-29SPC, 2012 U.S. Dist. LEXIS 66887, at *9 (M.D. Fla. Apr. 19, 2012). Intervenors are a bipartisan group of properly registered and duly qualified voters who intend to vote in the General Election. The U.S. Supreme Court has held that the fundamental "right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise." *Reynolds v. Sims*, 377 U.S. 533, 555 (1964); *accord Touchson v. McDermott*, 234 F.3d 1133, 1145 (11th Cir. 2000); *Roe v. Alabama*, 43 F.3d 574, 580 (11th Cir. 1995).

> The Court repeatedly has recognized, in a variety of contexts, the right of all voters in a federal election to express their choice of a candidate and to have their expressions of choice given full value and effect, without being diluted or distorted by the casting of fraudulent ballots. . . . The right to an honest [count] is a right possessed by each voting elector, and to the extent that the importance of his vote is nullified, wholly or in part, he has been injured in the free exercise of a right or privilege secured to him by the laws and Constitution of the United States.

*Anderson v. United States*, 417 U.S. 211, 226 (1974) (quotation marks omitted).

The Department of Justice's attempt to stop Secretary Detzner from performing his statutory duty of asking county supervisors of elections to confirm the citizenship status of the Self-Identified Non-Citizens, and remove confirmed non-citizens from the voter registration Database, violates Intervenors' fundamental constitutional rights by allowing their properly cast votes to be diluted by votes from ineligible electors. Intervenors wish to participate in this lawsuit to assist this Court in interpreting § 1973gg-6(c)(2)(A) properly, in accordance with its plain text, structure, and legislative history, and in a manner that avoids raising serious questions as to its constitutionality. *See Johnson v. Gov. of Florida*, 405 F.3d 1214, 1229 (11th Cir. 2005). They also wish to pursue counterclaims against the Department of Justice for interfering with their fundamental right to vote. *See* U.S. Const., amend V. *Cf. Nat'l Parks Conserv. Ass'n v. U.S. Dep't of Interior*, No. 2:11-CV-578-FtM-29SPC, 2012 U.S. Dist. LEXIS 57707, at *7-8 (M.D. Fla. Apr. 25, 2012) (allowing permissive intervention where the governmental decision being litigated would impact the putative intervenor).

Courts in this circuit frequently have allowed voters to intervene in cases implicating their fundamental right to vote in some way, even when they were on the same side as a governmental entity. *See, e.g., Clark v. Putnam Cty.*, 168 F.3d 458, 461 (11th Cir. 1999) (allowing African-American voters to intervene in support of county commissioners to defend a single-member district voting system); *Johnson v. Mortham*, 915 F. Supp. 1529, 1536 (N.D. Fla. 1995) ("Registered voters have standing, and a

McDonald Hopkins LLC, Attorneys at Law
200 South Biscayne Boulevard, Suite 3130, Miami, Florida  33131 • 1.305.704.3990

sufficiently substantial interest to intervene, in an action challenging the voting district in which the voters are registered.").

Because this case was filed only a week ago, this Motion to Intervene is timely, and intervention will neither delay these proceedings nor prejudice the rights of any of the existing parties.  *See* Fed. R. Civ. P. 24(b)(3).  Intervenors' proposed pleading setting out their claims and defenses is attached as Exhibit 1.

### Certification Pursuant to Rule 7.1(B)

The undersigned counsel certifies that she has been unable to confer with counsel for the Plaintiff and Defendants due to time restrictions.  Due to Plaintiff's request for expedited treatment and the June 28, 2012 hearing on Plaintiff's Motion or Temporary Restraining Order, Movants fear that the delays involved in seeking and obtaining consent to intervention from all the parties before filing the instant Motion will prevent Movants from adequately being represented in this case before rulings potentially affecting them are considered or entered.  Counsel certifies that immediately upon filing this Motion, she will attempt to obtain consent from the Plaintiff and Defendants.

**Conclusion**

Because the Department of Justice's precipitous lawsuit against the State of Florida and Secretary Detzner threatens to substantially burden Intervenors' fundamental constitutional right to vote by allowing their votes to be diluted, cancelled out, or effectively nullified by votes from non-citizens who are ineligible to vote, this Court should exercise its broad discretion under Rule 24(b) to allow them to intervene permissively.

Respectfully submitted,

s/ Raquel A. Rodriguez
Raquel A. Rodriguez
Fla. Bar No. 511439
rrodriguez@mcdonaldhopkins.com
David Axelman
Fla. Bar No. 90872
daxelman@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
Southeast Financial Center
200 South Biscayne Boulevard, Suite 3130
Miami, FL 33131-2344
Tel: (305) 704-3994
Fax: (305) 704-3999
*Attorneys for Movants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 20, 2012, a true and correct copy of the foregoing was filed with the Clerk of Court via the CM/ECF system, causing a Notice of Electronic Filing to be sent to the following counsel of record: **John Albert Russ, IV**, **Elise Sandra Shore**, **Pamela Cothran Marsh**, and **Jenigh J. Garrett**, Counsel for Plaintiff United States of America; and **Ashley E. Davis** and **Daniel Elden Nordby**, Counsel for Defendant Ken Detzner.

s/ Raquel A. Rodriguez
Raquel A. Rodriguez