Exhibit 2

**U.S. Department of Justice**
Criminal Division
*Public Integrity Section*

# Federal Prosecution of Election Offenses

## Seventh Edition

*May 2007*



# Federal Prosecution of Election Offenses

## Seventh Edition

## *May 2007*

Written by:

Craig C. Donsanto, Director
Election Crimes Branch
Public Integrity Section

and

Nancy L. Simmons
Senior Counsel for Policy
Public Integrity Section



### 8. Voting by Noncitizens

Federal law does not expressly require that persons be United States citizens to vote. Moreover, eligibility to vote is a matter that the Constitution leaves primarily to the states.[32] At the time this book was written, all states required that prospective voters be United States citizens.

Historically, the states have regulated both the administrative and substantive facets of the election process, including how one registers to vote and who is eligible to do so. Federal requirements, on the other hand, generally have focused on specific federal interests, such as protecting the integrity of the federal elective process and the exercise of fundamental rights to which constitutional protection has been expressly granted.[33]

Federal laws do, however, have quite a bit to say about citizenship and voting. Specifically, in 1993 the federal role in the election process expanded significantly with the enactment of the National Voter Registration Act (NVRA). This legislation required, among other things, that forms used to register persons to vote in federal elections clearly state "each eligibility requirement (including citizenship)" and that persons registering to vote in federal elections affirm that they meet "each eligibility requirement (including

---

[32] U.S. CONST. art. I, § 2 and amend. XVII (electors for Members of the United States House of Representatives and the United States Senate have the qualifications for electors of the most numerous branch of the state legislatures); art. II, § 1, cl. 2 (presidéntial electors chosen as directed by state legislatures).

[33] For example, the states are prohibited from depriving "citizens of the United States" of the franchise on account of any of the following factors: race (amend. XV), gender (amend. XIX), nonpayment of poll tax (amend. XXIV), age 18 or older (amend. XXVI and 42 U.S.C. § 1973bb), residency after 30 days (42 U.S.C. § 1973aa-1), or overseas residence (42 U.S.C. § 1973ff-1).

66

citizenship)." 42 U.S.C. §§ 1973gg-3(c)(2)(C), 1973gg-5(a)(6)(A)(i), 1973gg-7(b)(2). Nine years later, Congress passed the Help America Vote Act of 2002, which reemphasized these requirements in the case of voters who register to vote via mail by requiring the states to place a citizenship question on mailed registration forms. 42 U.S.C. § 15483(b)(4)(A)(i).

In addition to these federal requirements relating to voter registration, registering to vote and voting by noncitizens are covered by four separate federal criminal laws:

### (a) Fraudulent registration and voting under the NVRA. 42 U.S.C. § 1973gg-10(2)

The NVRA enacted a new criminal statute that reaches the knowing and willful submission to election authorities of false information that is material under state law. 42 U.S.C. § 1973gg-10(2). Because all states currently make citizenship a prerequisite for voting, statements by prospective voters concerning citizenship status are automatically "material" within the meaning of this statute. Therefore, any false statement concerning an applicant's citizenship status that is made on a registration form submitted to election authorities can involve a violation of this statute. Such violations are felonies subject to imprisonment for up to five years.

For jurisdictional purposes, the statute requires that the fraud be "in any election for Federal office." As discussed above, voter registration in every state is unitary in the sense that an individual registers to vote only once for all elective offices – local, state, and federal. Thus the jurisdictional element of Section 1973gg-10(2) is satisfied whenever a false statement concerning citizenship status is made on a voter registration form.

The use of the word "willful" suggests Section 1973gg-10(2) may be a specific intent offense. This means federal prosecutors may have to prove that the offender was aware that citizenship is a

67

requirement for voting, and that the registrant did not possess United States citizenship. In most instances, proof of the first element is relatively easy because, since 1993 when the NVRA was enacted, the citizenship requirement must be stated on the voter registration form, and the form requires that the voter check a box indicating that he or she is a citizen.

### (b) False claims to register or vote. 18 U.S.C. § 1015(f)

Section 1015(f) was enacted in 1996 to provide an additional criminal prohibition addressing the participation of noncitizens in the voting process. This statute makes it an offense for an individual to make a false statement or claim that he or she is a citizen of the United States in order to register or to vote. Unlike all other statutes addressing alien voting, Section 1015(f) expressly applies to all elections – federal, state, and local – as well as to initiatives, recalls, and referenda.

Jurisdictionally, Section 1015(f) rests on Congress's power over nationality (U.S. CONST. art. I, § 8, cl. 4) rather than on the Election Clause (U.S. CONST. art. I, § 4, cl. 1), which provides the basis for its broad reach.

Violations of Section 1015(f) are felonies, punishable by imprisonment for up to five years.

### (c) False claims of citizenship. 18 U.S.C. § 911

Section 911 prohibits the knowing and willful false assertion of United States citizenship by a noncitizen. *See, e.g.*, *United States v. Franklin*, 188 F.2d 182 (7th Cir. 1951); *Fotie v. United States*, 137 F.2d 831 (8th Cir. 1943). Violations of Section 911 are punishable by up to three years of imprisonment.

As noted, all states require United States citizenship as a prerequisite for voting. Historically, however, some states have not

implemented the prerequisite through voter registration forms that clearly alerted prospective registrants that only citizens may vote. Under the NVRA, all states must now make this citizenship requirement clear, and prospective registrants must sign applications under penalty of perjury attesting that they meet this requirement. Therefore, falsely attesting to citizenship in any state is now more likely to be demonstrably willful, and therefore cognizable under Section 911.

Section 911 requires proof that the offender was aware he was not a United States citizen, and that he was falsely claiming to be a citizen. Violations of Section 911 are felonies, punishable by up to three years of imprisonment.

### (d)  Voting by aliens.  18 U.S.C. § 611

Section 611 is a relatively new statute that creates an additional crime for voting by persons who are not United States citizens. It applies to voting by noncitizens in an election when a federal candidate is on the ballot, except when noncitizens are authorized to vote by state or local law for nonfederal candidates or issues, and the ballot is formatted in a way that the noncitizen has the opportunity to vote solely for these nonfederal candidates or issues. Unlike Section 1015(f), Section 611 is directed at the act of voting, rather than the act of lying. But unlike Section 1015(f), Section 611 is a strict liability offense in the sense that the prosecution must only prove that the defendant was not a citizen when he or she registered or voted. Section 611 does not require proof that the offender was aware that citizenship is a prerequisite to voting.

Violations of Section 611 are misdemeanors, punishable by up to one year of imprisonment.

69