# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

_____
                                    )
THE UNITED STATES OF AMERICA,       )
                                    )
    *Plaintiff*,                       )
                                    )
  v.                                ) Case No. 4:12cv285-RH/CAS
                                    )
STATE OF FLORIDA and KEN DETZNER,   )
Secretary of State, in his official capacity, )
                                    )
    *Defendants*,                      )
                                    )
  and                               )
                                    )
JUDICIAL WATCH, INC., on behalf of  )
certain of its members, and TRUE THE VOTE, )
in its individual, corporate capacity, )
                                    )
    *Defendant-Interveners*.           )
_____ )

## ANSWER OF DEFENDANT-INTERVENERS JUDICIAL WATCH, INC. AND TRUE THE VOTE

Defendant-Interveners Judicial Watch, Inc. and True the Vote ("Interveners") hereby submit this Answer in the above-captioned case and state as follows:

### ANSWER

1.    Admitted.

1

2. Defendant-Interveners admit that the United States has brought an action. The remainder of this paragraph consists of conclusions of law and no response is required.

## JURISDICTION AND VENUE

3. Admitted.

4. Admitted.

## PARTIES

5. This paragraph contains conclusions of law, which require no response. The remainder of this paragraph is admitted.

6. This paragraph contains conclusions of law, which require no response. The remainder of this paragraph is admitted.

7. Admitted.

## CAUSE OF ACTION

8. The allegations in this paragraph are admitted to the extent they contain factual allegations. This paragraph also characterizes a federal statute, the National Voter Registration Act ("NVRA"), 42 U.S.C. § 1973-gg *et seq*. Defendant-Interveners deny that characterization.

9. Admitted.

10. Admitted.

11.     Defendant-Interveners admits that this paragraph contains a partial quotation of the NVRA. This paragraph also characterizes a federal statute, the NVRA, which speaks for itself.  Defendant-Interveners deny the characterizations of the NVRA contained in this paragraph.  The remainder of this paragraph contains conclusions of law, which require no response.

12.     Admitted.

13.     Admitted.

14.     Admitted.

15.     Admitted.

16.     Defendant-Interveners lack sufficient information to admit or deny the specific allegations in this paragraph, and therefore deny them.  To the extent that this paragraph alleges that Defendants have been engaged in an undertaking to ensure Florida's voter registration rolls are accurate and contain the names of eligible voters as required by Section 8 the NVRA and other federal laws, it is admitted.

17.     Defendant-Interveners deny that this paragraph contains quotations from a power point document entitled "Processing Ineligible Registered Voter-Non-Immigrants."  Rather, this paragraph contains quotations from an April 2012 document entitled "Processing Ineligible Registered Voters- Non-Immigrants." Plaintiff's inaccurate quotation of the title of this document, both as to punctuation

and grammar, slightly alters the meaning of the document in a non-insignificant way.  Defendant-Interveners also deny this paragraph contains an accurate quote from page 18 of the referenced document.  In this instance, Plaintiff replaced a lower case letter with an upper case letter in the word "if" and changed a possessive noun to a non-possessive noun without identifying those alterations to the Court.  To the extent that this paragraph alleges that Defendants distributed a document to assist Florida's local election offices in complying with their obligation to ensure local voter registration rolls are accurate and contain the names of eligible voters as required by the NVRA and other federal laws, it is admitted.  Defendant-Interveners lack sufficient information to admit or deny the remaining specific allegations in this paragraph, and therefore deny them.

      18.    Defendant-Interveners admit that this paragraph contains mostly accurate partial quotations from Exhibit 2 to Plaintiff's Complaint, a document dated May 13, 2012 entitled "List Maintenance Categories and Procedures." Defendant-Interveners lack sufficient information to admit or deny the remaining specific allegations in this paragraph, and therefore deny them.  To the extent that this paragraph alleges that Defendants distributed a document to assist Florida's local election offices in complying with their obligation to ensure local voter registration rolls are accurate and contain the names of eligible voters as required by the NVRA and other federal laws, it is admitted.

19. Denied.

20. Defendant-Interveners lack sufficient information to admit or deny the specific allegations in this paragraph, and therefore deny them.

21. Admitted.

22. This entire paragraph characterizes a document that speaks for itself, and therefore requires no response.

23. This entire paragraph characterizes a document that speaks for itself, and therefore requires no response.

24. Defendant-Interveners lack sufficient information to admit or deny the specific allegations in this paragraph, and therefore deny them.

25. Denied, except to the extent this paragraph contains conclusion of law, in which case no response is required.

26. Denied.

27. Denied.

Dated: June 26, 2012                                        Respectfully submitted,

*Paul J. Orfanedes*
Paul J. Orfanedes
*Petition for Admission* to Be Filed
Chris Fedeli
*Petition for Admission* Pending

JUDICIAL WATCH, INC.
425 Third Street S.W., Ste. 800
Washington, DC 20024
Tel: (202) 646-5172

5

Fax: (202) 646-5199
Email:
porfanedes@judicialwatch.org
cfedeli@judicialwatch.org

*/s/ Christopher B. Lunny*
Christopher B. Lunny
Fla. Bar No. 0008982
Harry O. Thomas
Fla. Bar No. 195097

RADEY THOMAS YON & CLARK
301 South Bronough Street
Suite 200
Tallahassee, FL 32301
Tel: (850) 425-6654
Fax: (850) 425-6694
Email:
clunny@radeylaw.com
hthomas@radeylaw.com

*Attorneys for Proposed Interveners*

*Of Counsel:*

J. Christian Adams
Election Law Center, PLLC
300 N. Washington Street, Ste. 405
Alexandria, VA 22314