# Exhibit 4

Slip Copy, 2012 WL 1676748 (M.D.Fla.)
(Cite as: 2012 WL 1676748 (M.D.Fla.))

H
Only the Westlaw citation is currently available.

United States District Court,
M.D. Florida.
UNITED STATES of America, Plaintiff,
Leonides Sepulveda, Marco Ferreira, and Eduardo Rivera, Plaintiff–Intervenors,
v.
LEE COUNTY, FLORIDA, Defendant.

No. 2:12–cv–67–FtM–29SPC.
April 19, 2012.

Esther G. Lander, U.S. Department of Justice, Brian Glen Mcentire, Carol Wong, Washington, DC, Kyle Scott Cohen, US Attorney's Office, Ft Myers, FL, Jay F. Romano, Coral Springs, FL, for Plaintiff–Intervenors.

Mark E. Levitt, Shannon L. Kelly, Allen, Norton & Blue, PA, Winter Park, FL, for Defendant.

*REPORT AND RECOMMENDATION*
SHERI POLSTER CHAPPELL, United States Magistrate Judge.
*1 TO THE UNITED STATES DISTRICT COURT

This matter comes before the Court on Putative Intervenors' Motion to Intervene (Doc. # 24), filed on March 26, 2012. The Court entered an Order granting the Putative Intervenors' Motion to Intervene, upon information and belief that there was no opposition to the intervention. (Doc. # 25). Following the entry of the Order granting the Putative Intervenors' Motion to Intervene, it was brought to the Court's attention that there was opposition to intervention, and on March 28, 2012 the Court Vacated the Order accordingly. (Doc. # 29). Plaintiff, United States of America, and Defendant, Lee County filed Motions in Opposition to Putative Intervenors' Motion to Intervene (Doc. # 34, 35) on April 11, 2012. Thus, the Motion is now ripe for review.

The Federal Rules of Civil Procedure provide for two types of intervention; intervention as a matter of right and permissive intervention. See Fed.R.Civ.P. 24. The Putative Intervenors, Susan Amelio, Frank Rogato, John Scott, and Davis Wright, argue that they have the right to intervene under Fed.R.Civ.P. 24(a) because they are "aggrieved" persons under Title II, 42 U.S.C. § 2000e–5(f)(1). (Doc. # 24, p. 2). Alternatively, the Putative Intervenors claim that they should be granted permissive intervention under Fed.R.Civ.P. 24(b) because they have a claim or defense that shares with the main action a common question of law or fact. (Doc. # 24, p. 2). The present Plaintiffs and Defendants assert that the Putative Intervenors are not aggrieved parties under the statute and that they are not entitled to permissive intervention because the Putative Intervenors' allegations are different from the underlying action. (*See* Doc. # 34, 35).

*BACKGROUND*
This lawsuit involves claims of asserted race and national origin discrimination of Hispanic workers in Defendant's Facilities Management department by several coworkers. Plaintiff, United States, has initiated the instant suit on behalf of Leonides Sepulveda, Marco Ferreira, and Edguardo Rivera.

Ferreira, Rivera, and Sepulveda, filed charges of race and national origin based discrimination (Charge No. 510–2009–06030, 510–2009–06031 and 510–2009–06033) against Defendant on October 8, 2009, August 26, 2009 and August 26, 2009, respectively. (Complaint, ¶ 5). Following investigations into the administrative charges of discrimination filed by Sepulveda, Ferreira, and Rivera, the EEOC concluded its investigations and issued separate Determinations for each of the three charges on June 23, 2010. On February 6, 2012, the Department of Justice, Civil Rights Division filed suit against Defendant seeking relief on behalf of Sepulveda, Ferreira, and Rivera. The Ferreira Intervenors subsequently moved to intervene in this action, and the Court granted their unopposed motion to intervene on March 9, 2012. (Doc. # 16). The United States' Complaint does not make any mention of taking legal action on behalf of Movants Rogato, Amelio, Scotti, and Wright, nor does it seek any remedial relief on their behalf.

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 1676748 (M.D.Fla.)
**(Cite as: 2012 WL 1676748 (M.D.Fla.))**

### DISCUSSION
1. *Whether the Intervenors may Intervene as a Matter of Right*

\*2 Rule 24 (a) of the Federal Rules of Civil Procedure provides two instances in which a party can intervene as a matter of right. Rule 24 reads in pertinent part:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed.R.Civ.P. 24(a). The Putative Intervenors allege that they have an unconditional right to intervene conferred upon them by Title VII because they are "persons aggrieved" as contemplated by 42 U.S.C. § 2000e-(f)(1), which provides in relevant part that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commissioner." Plaintiff and Defendant contend that the Putative Intervenors are not "aggrieved persons" under 42 U.S.C. § 2000e-(f)(1). The right of intervention granted to "persons aggrieved" in 42 U.S.C. § 2000e–5(f)(1) is given to an individual "who filed the EEOC charge upon which the EEOC's action is based." *E. E.O. C. v. GMRI, In c.,* 221 F.R.D. 562, 563–64 (D.Kan.2004). *See also E.E.O.C. v. DiMare Ruskin, Inc.,* 2011 WL 5974682 (M.D.Fla.2011) (individual not named in EEOC's Complaint did not have right to intervene under 24(a)(1)); *EEOC v. Mo. Pac. R.R. Co.,* 493 F.2d 71, 74 (8th Cir.1974) (charging party has "absolute right" to intervene in EEOC suit).

Thus, the issue is whether the Putative Intervenors are among the persons who were aggrieved by the practices challenged in the main action. The practices challenged in the main action are spelled out in the EEOC's Complaint:

> Lee County has discriminated against the Charging Parties on the basis of their race and national origin ... by: (a) subjecting the Charging Parties to racial and ethnic harassment during their employment with the County that adversely affected the terms, conditions, and privileges of employment; and (b) failing or refusing to take prompt remedial action to correct the effects of the discriminatory treatment.

(Doc. # 1, p. 4–5).

The Putative Intervenors allege that:

> Plaintiff–Intervenors' [sic] participated in the investigation of the Plaintiffs' [sic] and as a result were subjected to retaliatory action by the Defendant. The retaliation against Mr. Rogato, Mr. Scotti and Mr. Wright were subjected to ... actions by the Defendant employees who failed to perform their duties as instructed by [Ferreira Intervenors] Eguardo [sic] Rivera, and as a protest in [sic] their participation in the investigation, would subject the Plaintiff–Intervenors' [sic] mentioned above by causing heavier work load; intentional removing reports of the Plaintiff–Intervenors, which would subject them to discipline by the Defendant and other forms of retaliatory tactics depriving them of their terms and conditions of their employment.

\*3 (Doc. # 24–1, p. 3-4). The Putative Intervenors also allege that Defendant, through the same group of employees complained of by the Plaintiffs, sexually discriminated against Ms. Amelio, thereby creating a hostile work environment. (Doc. # 24–1, p. 7).

In order to fit within the unconditional intervention provision provided by 42 U.S.C. § 2000e–5 (f)(1), the Putative Intervenors must demonstrate that they are "aggrieved parties." It is readily apparent from the face of the United States' Complaint that Rogato, Amelio, Scotti, and Wright are not named in the Complaint, nor are they identified as "aggrieved parties" therein. The underlying allegations are for race and national original discrimination. As a result of this discrimination, Plaintiffs claim that Defendant retaliated against the Plaintiffs for filing a claim with the EEOC. The Court recommends that the Putative Intervenors allegations are not based upon the same actions complained of in the underlying Complaint. Even though the Putative Intervenors claim that as a result of their involvement in the investigation of Plaintiffs' claims they were subjected to retaliatory behavior, this does not include them within the definition of an aggrieved party. The Putative Intervenors

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

have failed to demonstrate that they were aggrieved by the discriminatory actions that the Plaintiffs were subjected to and that was complained of within the Complaint, namely race and national origin discrimination. Additionally, Ms. Amelio alleges that she has been subjected to sexual discrimination by the same class of individuals who subjected the Plaintiffs to race and national origin discrimination. However, this is not sufficient to fit Ms. Amelio within the category of an aggrieved party under the statute. It is clear that an individual who is sexually discriminated against does not fit within a class of individuals that are discriminated against based upon race and national origin. Additionally, although not dispositive of the issue, the Putative Intervenors are not named in the Complaint and the Complaint only discusses the allegations and discrimination against the "Charging Parties," referring to Marco Ferreira, Eduardo Rivera, and Leonides Sepulveda. (*See* Doc. # 1).

Therefore, the Putative Intervenors do not fit within the definition of an aggrieved party under 42 U.S.C. § 2000e–5(f)(1). This Court respectfully recommends that the Putative Intervenors be denied unconditional intervention as a matter of right.

2. *Whether the Intervenors may Permissively Intervene*

A court may grant a nonparty permission to intervene when the nonparty files a timely motion and "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." *Florida Wildlife Fed'n, Inc. v. Johnson,* 2009 WL 248078 * 2 (N.D.Fla. Feb.2, 2009) (citing Fed. R. Civ. 24(b)). A nonparty seeking to intervene with the court's permission must state an interest that is relating to the action pending before the court. *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.,* 425 F.3d 1308, 1312 (11th Cir.2005) (affirming the denial of a nonparty's motion for permissive intervention where the nonparty's purpose was not directly related to the underlying action). A district court has broad discretion in deciding whether to let a nonparty intervene under Rule 24(b), even when the nonparty has met the requirements of the rule. *Worlds v. Dep't of Health & Rehab. Servs.,* 929 F.2d 591, 595 (11th Cir.1991).

*4 Putative Intervenors assert that they "ha[ve] a claim or defense that shares with the main action a common question of law or fact." (Doc. # 24, p. 2). Further, the Putative Intervenors claim that because they are seeking to "prosecute claims that are substantially identical to that prosecuted by the Department of Justice in the main action" they should be allowed to intervene permissively. (Doc. # 24, p. 3). However, it is difficult to see how the claims of the Putative Intervenors are substantially identical to those of the Plaintiffs, or even similar enough to justify allowing the Putative Intervenors to intervene and litigate their claims with the Plaintiffs. Although there is some factual overlap, there are also significant differences between the Plaintiffs' allegations of racial and ethnic harassment and the Putative Intervenors allegations of retaliation from participating in the investigation and sexual harassment. The underlying facts and law needed to establish the Putative Intervenors' claims and the Plaintiffs' claims are different, contrary to the assertion by the Putative Intervenors that the claims are substantially identical. Allowing the Putative Intervenors to intervene and litigate the allegations complained of would expand the scope of the instant action. Therefore, allowing the Putative Intervenors' claims into this litigation would cause undue delay and/or prejudice the adjudication of the rights of the original parties. Therefore, the undersigned respectfully recommends that the Putative Intervenors should be denied permissive intervention.

Finally, the Court notes that on the same date that the Putative Intervenors filed the instant Motion, they filed their Complaint in CM/ECF. (Doc. # 33). The Court recommends that this was in error as it should not have been filed until the Court granted leave for the Putative Intervenors to do so. Therefore, the Court recommends that if the Motion to Intervene is denied, the Intervenor's Complaint filed by Amelio, Wright, Scotti, and Rogato (Doc. # 33) should be stricken.

Accordingly, it is now **RESPECTFULLY RECOMMENDED:**

(1) Putative Intervenors' Motion to Intervene (Doc. # 24) be **DENIED.**

(2) Intervenor's Complaint (Doc. # 33) be **STRICKEN.**

Respectfully Recommended at Fort Myers, Flor-

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2012 WL 1676748 (M.D.Fla.)
**(Cite as: 2012 WL 1676748 (M.D.Fla.))**

ida, this *19th* day of April, 2012

M.D.Fla.,2012.
U.S. v. Lee County, Fla.
Slip Copy, 2012 WL 1676748 (M.D.Fla.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.