# Exhibit 5

Slip Copy, 2011 WL 5974682 (M.D.Fla.)
(Cite as: 2011 WL 5974682 (M.D.Fla.))

H
Only the Westlaw citation is currently available.

United States District Court, M.D. Florida,
Ft. Myers Division.
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,
v.
DIMARE RUSKIN, INC., Defendant.

No. 2:11–CV–00158–FtM–36SPC.
Nov. 29, 2011.

Kimberly A. Mccoy–Cruz, Muslima Lewis, U.S. Equal Employment Opportunity Commission, Miami, FL, for Plaintiff.

David J. Stefany, Allen, Norton & Blue, P.A., Tampa, FL, for Defendant.

*ORDER*
CHARLENE EDWARDS HONEYWELL, District Judge.

*1 This cause comes before the Court on the Report and Recommendation of Magistrate Judge Sheri Polster Chappell, filed on May 31, 2011 (Doc. 20). In the Report and Recommendation, Judge Chappell recommends the Court grant in part and deny in part Prospective Intervenors Catalina Ramirez ("Ramirez"), Lucia Reyes ("Reyes"), and Francisco Javier Martinez Chavez' ("Chavez") Amended Motion for Leave to Intervene, filed on May 5, 2005 (Doc. 12). Judge Chappell recommends that the Motion should be granted as to Ramirez and Reyes, but denied as to Chavez. *Id.* On June 10, 2011, Chavez filed an Objection to the Report and Recommendation (Doc. 25).

*BACKGROUND*
On April 10, 2009, Reyes filed an administrative charge of gender-based discrimination against DiMare Ruskin, Inc. ("Defendant"). On April 12, 2009, Ramirez filed an administrative charge of gender-based discrimination against defendant as well. Both of these administrative charges allege sexual harassment by Defendant's supervisory employees and retaliation once the misconduct was complained of. *See* Doc. 1, ¶ 30. Subsequently, Defendant concluded that there was no credible evidence to suggest the allegations of sexual harassment or unlawful retaliation were true. *See* Doc. 15, p. 3.

The remaining Prospective Intervenor, Chavez, alleges he witnessed several acts of sexual harassment by Defendant's supervisory employees directed at Ramirez, Reyes, and other female employees during his term of employment with Defendant. *See* Doc. 11–1, ¶ 11. On or about May 12, 2009, Chavez alleges he reported this conduct to his supervisor, Chuck St. John, and was directed to report it to another supervisor, Sandra Vargas, the following morning. *Id.* at ¶ 13. During the meeting with Vargas, Chavez stated he witnessed numerous instances of sexual harassment against Ramirez and Reyes, and provided a written statement to that effect. *Id.* at ¶¶ 12–14, Doc. 16. Defendant terminated Chavez on May 15, 2009. Doc 11–1, ¶ 16. On that same day, Chavez filed a charge of employment discrimination against Defendant, asserting his termination was in retaliation for having provided personnel with a written statement regarding the harassment claims asserted by Ramirez and Reyes. *Id.* at ¶ 18. Defendant asserts, however, that Chavez was terminated for making up a "fictitious account concerning the alleged death of a close family member in order to gain unwarranted financial assistance and sympathies from his coworkers." *See* Doc. 15, p. 3.

On October 29, 2010, following investigations into the administrative charges of discrimination filed by Ramirez, Reyes, and Chavez, the Equal Employment Opportunity Commission ("EEOC") filed separate determinations for each of the three claims. *Id.* On March 22, 2011, the EEOC filed suit against Defendant pursuant to 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and 1981a ("Title I"), seeking relief on behalf of Ramirez, Reyes, and a class of similarly situated female employees who were adversely affected by such practices. *See* Doc. 1. On May 5, 2011, Ramirez, Reyes, and Chavez filed an Amended Motion for Leave to Intervene (Doc. 12). That Motion was uncontested as to Ramirez and Reyes. *Id.* On May 31, 2011, Judge Chappell filed the Report and Recommendation on the Amended Motion for Leave to Intervene (Doc. 20).

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 5974682 (M.D.Fla.)
(Cite as: 2011 WL 5974682 (M.D.Fla.))

### STANDARD

\*2 When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir.1990). Once a timely objection to the Report and Recommendation is made, the District Judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.*

### ANALYSIS

In the Report and Recommendation, the Magistrate recommends granting the Motion for Leave to Intervene as to both Ramirez and Reyes. Neither the EEOC, Defendant, nor any of the Prospective Intervenors oppose that recommendation. Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved with regard to Prospective Intervenors Ramirez and Reyes.

However, Prospective Intervenor Chavez objects to the Magistrate's recommendation that the Motion for Leave to Intervene be denied as to Chavez. Prospective Intervenor Chavez contends that the Magistrate Judge failed to appropriately consider intervention as of right under Rule 24(a)(1), Fed.R.Civ.P., and incorrectly determined the issue of permissive intervention. To that end, Chavez argues intervention as of right based on a federal statute is appropriate pursuant to Fed.R.Civ.P. 24(a)(1) and permissive intervention as a person whose claim shares a common question of law or fact with the claims in the main action is appropriate pursuant to Fed.R.Civ.P. 24(b)(1)(B). Having conducted a *de novo* review of the record, the Courts finds both of these arguments unavailing.

**I. Intervention as of Right under Rule 24(a)(1)**
Federal Rule of Civil Procedure 24(a)(1) provides that upon timely motion, anyone given an unconditional right to intervene by a federal statute must be allowed to do so by the Court. In this matter, Title VII provides that where the EEOC has brought suit against any employer, "the person or persons aggrieved shall have the right to intervene." 42 U.S.C. § 2000e–5(f)(1). Thus, the issue is whether Chavez is among the persons who were aggrieved by the practices challenged in the main action. The practices challenged in the main action are spelled out in the EEOC's Complaint:

> (a) subjecting Reyes and Ramirez and a class of similarly situated female employees who worked at DiMare Immokalee between September 2008 and June 2009 to sexual harassment by Defendant DiMare's supervisory employees; and (b) retaliating against Reyes and Ramirez because they complained about and opposed the sexual harassment. The retaliation included assigning Ramirez to more physically demanding assignments and terminating Ramirez and Reyes because they complained about the sexual harassment and rejected Ricardo Campbell's and Richard Lee Campbell's sexual advances.

\*3 *See* Doc. 1, ¶ 30. The heart of this matter is the alleged sexual harassment by Defendant. Without it, there would be no unlawful retaliation claim. And though not dispositive of the issue, it bears mentioning that Chavez is not named in the Complaint and does not fall into the category of persons this suit was filed on behalf of. Rather, the EEOC filed its Complaint on behalf of Ramirez, Reyes, and "a class of similarly situated female employees who were adversely affected by such practices." *Id.* The EEOC certainly could have broadened this class if it saw fit, but did not. Accordingly, Chavez certainly is not an aggrieved party pursuant to 42 U.S.C. § 2000e–5(f)(1) with regard to the primary sexual harassment allegations.

Likewise, Chavez does not appear to be similarly situated to Ramirez or Reyes. Chavez was a year-round employee of Defendant who was supervised by Farm Manager Chuck St. John. Ramirez and Reyes were seasonal employees who have alleged sexual harassment and retaliation by the Defendant due to the alleged conduct of Ricardo Campbell and Richard Lee Campbell. Chavez' claim of retaliation is directed toward the conduct of Chuck St. John.

Additionally, Defendant alleges that Chavez was fired on grounds completely independent of those related to Ramirez and Reyes' allegations of sexual

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2011 WL 5974682 (M.D.Fla.)
(Cite as: 2011 WL 5974682 (M.D.Fla.))

harassment. To that end, Defendant asserts Chavez was terminated for making up a fictitious account concerning the alleged death of a close family member in order to gain unwarranted financial assistance and sympathies from his coworkers. *See* Doc. 15, p. 3. Chavez' Proposed Complaint in Intervention lends some credibility to this theory. *See* 11–1. Chavez states he was fired two days after reporting to his superior his suspicion that Ricardo Campbell was "contacting his relatives in Mexico and spreading false rumors about [Chavez]." *Id.* at p. 3. Accordingly, the Court finds that Chavez is not an aggrieved party pursuant to 42 U.S.C. § 2000e–5(f)(1) with regard to the secondary retaliation allegations.

**II. Permissive Intervention under Rule 24(b)(1)(B)**

Federal Rule of Civil Procedure 24(b)(1)(B) allows the Court, in its discretion, to permit intervention by a person "who has a claim or defense that shares with the main action a common question of law or fact." *See also Florida Wildlife Federation, Inc. v. Johnson,* 2009 WL 248078 at *2 (N.D.Fla. Feb.2, 2009). In exercising its discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed.R.Civ.P. 24(b)(3). *See also Worlds v. Dept. of Health & Rehab. Servs.,* 929 F.2d 591, 595 (11th Cir.1991).

Chavez asserts that his intervention will not unduly delay or prejudice the adjudication of the original parties. However, it is difficult to see how that would be the case. Allowing Chavez to intervene would require the adjudication of his involuntary termination and retaliation claim, which Defendant contends arises from facts and issues of law which are not substantially related to this litigation. Chavez' claim of retaliation arises approximately six weeks after Ramirez and Reyes last worked for the Defendant. The instant action will focus primarily upon claims of alleged sexual harassment and retaliation against female farm workers. Chavez' claim focuses on the reasons for Chavez' termination, that is, retaliation or the improper receipt of cash donations to bury a family member who did not die. These additional factual issues will expand the scope of the instant action. Therefore, the Court finds that allowing Chavez' claim into this litigation would cause undue delay and/or prejudice the adjudication of the rights of the original parties.

*4 Accordingly, it is hereby **ORDERED and ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 20) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. The Objections to the Report and Recommendation by Prospective Intervenor Chavez are **OVERRULED.**

3. Prospective Intervenors Catalina Ramirez, Lucia Reyes, and Francisco Javier Martinez Chavez' Amended Motion for Leave to Intervene (Doc. 12) is **GRANTED in part** and **DENIED in part.** The Motion is granted as to Prospective Intervenor Ramirez and Reyes, but denied as to Prospective Intervenor Chavez.

4. The Complaint in Intervention shall be filed within **TWENTY–ONE** (21) days from the date of this Order.

5. Upon the filing of the Complaint in Intervention, the Clerk shall correct the docket to reflect that Catalina Ramirez and Lucia Reyes are Plaintiff Intervenors.

**DONE AND ORDERED.**

M.D.Fla.,2011.
E.E.O.C. v. DiMare Ruskin, Inc.
Slip Copy, 2011 WL 5974682 (M.D.Fla.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.