IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

|  |  |
|---|---|
| THE UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF FLORIDA; KEN DETZNER, <br> Secretary of State, in his official capacity. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civil Case No. 4:12-CV-285-RH/CAS |

**DEFENDANTS' ANSWER**

Defendants, the State of Florida and Secretary of State Kenneth W. Detzner, ("Secretary") answer the United States' Complaint as follows.

1. Admitted that the Attorney General has brought this action on behalf of the United States for the stated purpose of enforcing Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6.

2. The first two sentences of Paragraph 2 do not require an answer because they assert legal conclusions, rather than stating factual allegations. To the extent that any answer is required, denied. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence of paragraph 2 and, on that basis, deny those allegations.

3. Paragraph 3 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, denied.

4. Paragraph 4 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, admitted.

5. Admitted that the NVRA speaks for itself.

6. Admitted.

7. Admitted.

8. Admitted that Section 8 of the NVRA speaks for itself.

9. Admitted that Section 8(b)(1) of the NVRA speaks for itself.

10. Admitted that Section 8(c)(2)(A) of the NVRA speaks for itself.

11. Admitted that Section 8(c)(2)(A) of the NVRA speaks for itself. To the extent Paragraph 11 does more than accurately summarize the text of the NVRA, it states legal conclusions to which no answer is required.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted that the Secretary has in the past worked in coordination with the Florida Department of Highway Safety and Motor Vehicles ("DHSMV") to identify registered voters who are potentially ineligible and therefore potentially removable from the statewide Florida Voter Registration System ("FVRS"). Admitted that the Secretary has in the past verified voter registration records in FVRS against databases maintained by DHSMV for purposes of identifying potentially ineligible voters based on lack of citizenship and has

distributed a small sample of these results to the 67 Florida County Supervisors of Elections for further action, including removal from the FVRS of improperly registered voters who are determined to be ineligible.  Denied that the Secretary is presently distributing, or has any current plans to distribute, the results of the matching process described above to County Supervisors of Elections.  To the extent not specifically admitted, the allegations in this paragraph are denied.

17. Admitted that the Secretary sent the 67 County Supervisors of Elections a list of potentially ineligible voters in early April, 2012, as well as the referenced attachment on April 23, 2012.  Admitted that the content of the referenced attachment speaks for itself.  To the extent not specifically admitted, the allegations in this paragraph are denied.

18. Admitted that employees of the Florida Department of State delivered presentations at the 2012 Annual Summer Conference of the Florida State Association of Supervisors of Elections in May 2012. Admitted that the content of the referenced attachment speaks for itself.  To the extent not specifically admitted, the allegations in this paragraph are denied.

19. Admitted that the database matching process described in Paragraph 16 operated only as an initial screening device to identify *potentially* ineligible voters.  Denied that the Secretary conclusively identified individuals as non-citizens based on the matching process or directed that such identification alone could deprive an individual of their right to vote.  To the extent not specifically admitted, the allegations in this paragraph are denied.

20. Admitted that some citizens were identified by the database matching process described in Paragraph 16 as *potentially* non-citizens.  Denied that the Secretary conclusively identified any individuals as non-citizens based solely on the database matching process. To the

extent not specifically admitted, the allegations in this paragraph are denied.

21. Admitted that the referenced letter speaks for itself. To the extent not specifically admitted, the allegations in this paragraph are denied.

22. Admitted that the referenced letter speaks for itself. To the extent not specifically admitted, the allegations in this paragraph are denied.

23. Admitted that the referenced letter speaks for itself. To the extent not specifically admitted, the allegations in this paragraph are denied.

24. Admitted that the Secretary directed the 67 Florida County Supervisors of Elections to follow the procedures set forth in Florida Statute. Admitted that the contents of the referenced attachments speak for themselves. To the extent not specifically admitted, the allegations in this paragraph are denied.

25. Paragraph 25 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, denied.

26. Paragraph 26 does not require an answer because it asserts a legal conclusion. To the extent that any answer is required, denied.

27. Denied.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has not identified a case or controversy sufficient to create jurisdiction in this Court.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's requested injunctive relief is barred by the doctrines of laches, unclean hands, and/or estoppel.

Date: July 3, 2012

/s/ Michael A. Carvin

| | |
|---|---|
| Daniel E. Nordby (Florida Bar No. 14588)<br>General Counsel<br><br>Ashley E. Davis (Florida Bar No. 48032)<br>Assistant General Counsel<br><br>Florida Department of State<br>R.A. Gray Building<br>500 South Bronough Street, Suite 100<br>Tallahassee, Florida 32399-0250<br>Telephone (850) 245-6536<br>Facsimile (850) 245-6127<br>Daniel.Nordby@DOS.MyFlorida.com<br>Ashley.Davis@DOS.MyFlorida.com<br><br>Counsel for Defendants | Michael A. Carvin (D.C. Bar No. 366784)<br>Gregory G. Katsas (D.C. Bar No. 448142)<br>Warren D. Postman (D.C. Bar No. 995083)<br><br>JONES DAY<br>51 Louisiana Avenue N.W.<br>Washington, DC 20001<br>Telephone:  (202) 879-3939<br>Facsimile:   (202) 626-1700<br>macarvin@jonesday.com<br>ggkatsas@jonesday.com<br>wpostman@jonesday.com<br><br>Counsel for Secretary of State Detzner |

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing will be sent electronically to the registered participants (filed through CM/ECF system) on this the 3rd day of July, 2012.

/s/ Michael A. Carvin

Michael A. Carvin
Counsel for Secretary of State Detzner