IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      CASE NO. 4:12cv285-RH/CAS

STATE OF FLORIDA and KEN DETZNER,
Secretary of State, in his official capacity,

    Defendants.

_____/

## SCHEDULING ORDER

This order is entered upon consideration of the parties' Federal Rule of Civil Procedure 26(f) scheduling report. The attorneys should note paragraphs 13 and 14, which depart from the Local Rules.

IT IS ORDERED:

1. The defendant must produce to the plaintiff by August 17, 2012, the list of more than 180,000 registered voters as originally compiled, all revisions of that list, the sample list of more than 2,600 voters provided to one or more supervisors of election, all revisions of the sample list, and all records in the defendant's possession or under his control identifying one or more of the listed

registrants who have been removed from a voting roll. A privilege list must be provided by August 17, 2012, for any document withheld on a claim of privilege or work-product protection. The defendant must answer any interrogatory asking the names and counties of removed voters by the later of (a) August 17, 2012, or (b) seven days after service of the interrogatory, without a three-day extension based on electronic service of the interrogatory.

      2. The clerk must set a scheduling conference for the first available date on or after January 3, 2013. The trial will be set at that scheduling conference. The scheduling conference will be conducted by telephone unless both sides advise the courtroom deputy clerk by December 21, 2012, that they wish to have the scheduling conference conducted in person. The parties must confer and file by December 21, 2012, a joint report, or separate reports, setting out their positions on the schedule for further proceedings.

      3. The discovery deadline is extended to December 17, 2012.[1]

---

[1] The defendant says no discovery is needed or should be allowed. That is incorrect. Thus, for example, the plaintiff asserts that eligible voters have been, or at least may have been, improperly removed from the voting rolls in violation of federal law. The plaintiff is entitled to take discovery on this issue. The plaintiff asks for a discovery deadline of October 19, 2012. The parties are free to conduct and indeed complete discovery by that date, but this order moves the deadline back to allow discovery after the election, and provides more than 30 days so that post-election discovery may include interrogatories or production requests. If there is discovery that is needed for resolution of this case but that does not relate just to this election, the parties—who will have quite enough to do before the election—may choose to conduct the discovery afterward.

4. The joint scheduling report, ECF No. 9, will control the matters on which, as set out in the joint scheduling report, the parties have agreed, except to the extent of any conflict with this order. On matters not addressed in this order or in agreements set out in the joint scheduling report, the Initial Scheduling Order remains in effect.

5. A pleading may be amended only by the deadline set out in the joint scheduling report or on a motion showing good cause for not amending by that date. And when the Federal Rules of Civil Procedure allow an amendment only with leave of court, a pleading may be amended only with leave of court.

6. The deadline for Federal Rule of Civil Procedure 26(a)(1) disclosures is August 17, 2012. The deadline for Rule 26(a)(2) disclosures is September 14, 2012, but the deadline is October 5, 2012, for 26(a)(2) disclosures for evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C).

7. Rule 26 must be supplemented promptly after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered.

8.  Documents and electronically stored information produced during discovery must be produced in the format proposed by the plaintiff in the joint scheduling report or as otherwise agreed by the parties.

9.  The discovery limits are those set out in the Federal Rules of Civil Procedure except that each side may take up to 15 depositions; additional depositions may be taken only be agreement or with leave of court.

10.  Privilege lists must be provided as required by the governing law unless the parties agree otherwise.

11.  The parties may request entry of a confidentiality order setting out specified terms at any time.  Unless amended by a further order, this section will apply.

(a) Information disclosed during discovery that the disclosing party asserts should remain confidential (referred to in this paragraph as "stamped confidential information") may be used only in connection with this litigation, must not be used for any other purpose, and must not be disclosed to anyone other than (i) an attorney of record; (ii) a person who is assisting in this litigation and is employed by—or employed by the same employer as—an attorney of record; (iii) an expert witness or potential expert witness who has a reasonable need for the information in connection with the person's role in this lawsuit; or (iv) an employee of a party, to the extent, and only to the extent, necessary to allow the employee to assist in

the processing of this lawsuit, including (for a management employee) by consulting with the party's attorney regarding strategy or settlement.

(b) A document, including a transcript, that includes stamped confidential information must be bear a prominent legend stating "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER IN CASE NO. 4:12cv285, UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF FLORIDA." To the extent feasible, a separate transcript must be prepared for a portion of a deposition or other proceeding that includes stamped confidential information, and a document that includes both confidential and nonconfidential information must be redacted or separately bound, so that treatment of information as stamped confidential information is restricted to information that properly should be so treated.

(c) A person to whom stamped confidential information is disclosed must be made aware of this order and must read it prior to receiving the information, and a person to whom stamped confidential information is disclosed under paragraph (a)(iii) or (a)(iv) must sign an acknowledgment prior to receiving the information stating:

> I have read and understand the confidentiality provisions set out in section 8 of the order entered in this lawsuit on August 8, 2012. I agree to abide by the provisions. I agree not to use stamped confidential information for any purpose other than to assist in the preparation of this lawsuit. I agree not to disclose stamped confidential information to anyone except as authorized by the order

of August 8, 2012, or by the court's further order.  I understand that
violation of the order may be punishable as contempt of court and
may result in sanctions, including imprisonment.

The attorney of record for the party affiliated with the person receiving the disclosure must maintain the signed original of the acknowledgment.

(d) This order does not restrict the use of stamped confidential information by anyone who has obtained or later obtains the information other than as a result of formal or informal discovery in this litigation.

(e) No party or attorney may designate information as stamped confidential information without a good faith basis for asserting that the information is privileged or a trade secret or that its disclosure would create a risk of significant injury to legitimate privacy interests of a party or nonparty.

(f) This order does not restrict public access to information filed in the record for consideration by the court on any issue.

12. The deadline for filing summary-judgment motions is 21 days after the discovery deadline, but *they should be filed at the earliest appropriate time.  It is rarely necessary that such motions await the completion of all discovery.*

13. Local Rule 56.1, which addresses summary-judgment procedures, will not apply in this case.  The following procedures will apply instead:

(a) A party who moves for summary judgment must file at the same time a memorandum of up to 25 pages and any supporting evidence not already in the

record.  The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief—not a statement of undisputed facts in the form specified in Local Rule 56.1.  A statement of facts must not be set out in a separate document.

(b) An opposing party must file within 21 days—without a three-day extension based on the manner in which the motion is served—a memorandum of up to 25 pages and any opposing evidence not already in the record.  The opposing party must not file a separate document responding to the moving party's statement of facts.

(c) The moving party may file a reply memorandum of up to 10 pages.  The deadline for a reply memorandum is the earlier of (a) seven days after the opposing memorandum is filed—without a three-day extension based on the manner in which the opposing memorandum is served—or (b) two days before the pretrial conference.

(d) *Each memorandum must include pinpoint citations to the record evidence supporting each factual assertion.*

(e) The page limit for a memorandum may be increased by an agreement of the parties or on a motion showing good cause, but the parties should take note: a longer memorandum is usually less persuasive, not more.

(f) A motion may be resolved against a party without a hearing at any time after the party has had an opportunity to file a memorandum and materials under this paragraph.  If a motion has not been resolved and a party has filed a separate request for a hearing, the clerk must set a hearing.  The hearing must be set for an available date at least two days after the due date for the reply memorandum.  The hearing will be conducted by telephone if, at least two days before the hearing, a party so requests.  The hearing may be combined with the pretrial conference if doing so will not delay the hearing by more than two weeks.

14.  If attorney's fees are awarded, the lodestar will be determined based only on hours for which contemporaneous time records—in the form required by Local Rule 54.1—were made and retained.  But the records must not be filed with the clerk until necessary in connection with a motion to award fees; the Local Rule 54.1 requirement to file the records with the clerk each month will not apply in this case.  An attorney must disclose to another party on request the total number of hours devoted to the case for any month by attorneys and other time keepers.

15.  Deadlines will be determined based on this order (including the joint scheduling report to the extent made applicable by this order), other applicable orders, and the governing rules.  Docket entries made by the clerk of the court are for the clerk's internal use and are not controlling.

16. By a separate Order for Pretrial Conference to be issued later, a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers. The deadline for the attorney conference (as established by the Order for Pretrial Conference) also will be the deadline for disclosures under Federal Rule of Civil Procedure 26(a)(3). The deadline for 26(a)(3) objections is seven days later.

17. Any motion in limine or other pretrial motion must be served sufficiently in advance of the pretrial conference to allow consideration of the motion at or prior to the pretrial conference.

18. A party may move for an order requiring mediation. But no mediation requirement is imposed at this time.

SO ORDERED on August 8, 2012.

s/Robert L. Hinkle
United States District Judge